# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. GONZALES, et al.,<br><br>　　　　　Defendants. | No. 2:19-CV-0472-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) D. Gonzales, a correctional sergeant; (2) J. Green, a correctional officer; and (3) C. Martincek, a correctional lieutenant. Plaintiff's allegations may be summarized as follows:

During a wellness check, Plaintiff threatened to "gas" Defendant Green if he came near his cell again. ECF No. 1, p. 5. Defendant Green unlocked Plaintiff's food door port and pepper sprayed him in the face. See id. Leading up to this event, Plaintiff had filed a report against Defendant Green who, in response, had threatened on two prior occasions to "slam" Plaintiff if he came out of his cell. Id.

Shortly after he was pepper sprayed, Plaintiff spoke with Defendant Gonzales, Defendant Green's superior, and informed him what happened. See id. at 6. However, neither Defendant Gonzales nor Green sought medical attention for Plaintiff, despite his obvious distress. See id. The next day, Plaintiff requested medical attention but never received treatment. See id. at 7. A few days later, Defendant Martincek investigated the incident. See id. While he conceded Defendant Green's behavior was wrong, Defendant Martincek took no action to redress Plaintiff's concerns. See id.

## II. DISCUSSION

The court identifies the following four claims: (1) Defendant Green's use of pepper spray violated Plaintiff's Eighth Amendment right against excessive force; (2) Defendant Green violated Plaintiff's First Amendment right by retaliating against his protected conduct; (3) Defendants Green and Gonzales violated Plaintiff's Eighth Amendment right by failing to

2

provide adequate medical attention; and (4) Defendant Martincek failed to redress Plaintiff's concerns after the incident. The court finds all claims, except Plaintiff's claim against Defendant Martincek, are sufficient for service. Plaintiff will be given an opportunity to amend his remaining claim against Defendant Martincek.

### A. **Eighth Amendment**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

    1. Excessive Force Claim

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors:

(1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

Here, Plaintiff's allegations are sufficient for service as to his claim that Defendant Green used excessive force in violation of the Eighth Amendment. The facts of the complaint, taken in the light most favorable to the Plaintiff, demonstrate there was no real, imminent risk of danger. Not only was Plaintiff confined, but he threatened a future act in response to Defendant Green's threats. Therefore, assuming the facts alleged by Plaintiff are true, as the court must, the use of pepper spray served no legitimate penological interest in maintaining security but was a malicious and sadistic act intending to unnecessarily inflict pain.

2.  Inadequate Medical Care Claim

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff's allegations are sufficient for service as to his claim that Defendants Green and Gonzales were deliberately indifferent to Plaintiff's serious medical needs. The complaint adequately demonstrates Defendants Green and Gonzales knew of and disregarded Plaintiff's physical distress and requests for medical attention following the pepper spray incident. The complaint further alleges these defendants' failure to provide treatment led to the unnecessary and wanton infliction of pain for over twenty-four hours.

**B.     First Amendment Retaliation Claim**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995);

Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11. By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling. See id. This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09. Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element. Thus, if this reading of Rhodes is correct, the chilling effect element is essentially subsumed by adverse action.

Here, Plaintiff's allegations are sufficient for service as to his claim that Defendant Green's use of excessive force was a retaliatory act against Plaintiff. The complaint adequately establishes Defendant Green pepper sprayed Plaintiff in response to Plaintiff's protected conduct of filing a grievance report. Accepting the Rhodes interpretation, the court finds this adverse action satisfies the chilling requirement of a retaliation claim. Furthermore, the use of pepper spray served no legitimate penological interest because Plaintiff presented no immediate threat of danger.

///

**C. Defendant Martincek**

Plaintiff alleges no specific claim against Defendant Martincek beyond his failure to redress Plaintiff's concerns over Defendant Green's actions. This claim appears to assert liability under a respondeat superior theory. However, supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, Plaintiff fails to state a cognizable claim against Defendant Martincek. The complaint alleges Defendant Martincek failed to redress Plaintiff's concerns after the incident but fails to identify any injuries or unconstitutional deprivations resulting from this alleged inaction. Thus, the complaint does not allege Defendant Martincek's personal conduct deprived Plaintiff of his statutory or constitutional rights.

///

To the extent Defendant Martincek is liable for the actions of his subordinates, Plaintiff does not demonstrate a causal link between Defendant Martincek and Defendant Green's and Gonzales's conduct. There are no allegations that Defendant Martincek directed their actions or implemented unconstitutional policies. Thus, Plaintiff's claim is inadequate for service. Plaintiff will be given leave to amend. If Plaintiff wishes to include Defendant Martincek in his amended complaint, he must specifically allege what Defendant Martincek did or did not do, that caused him harm in violation of the Constitution.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

///

///

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: June 12, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE